IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**RICKY M. COOPER**

       **Petitioner,**                    **JUDGE SMITH**
                                               **MAGISTRATE JUDGE KEMP**
                                               **CASE NO. 2: 03-cv-479**
                                               **CRIM. NO. 2:99-cr-61**

      **v.**

**UNITED STATES OF AMERICA,**

       **Respondent.**

## ORDER

Petitioner, a federal prisoner, brings the instant motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. §2255. This matter is before the Court on petitioner's February 16, 2007, request for recusal of the District Judge from consideration of petitioner's federal habeas corpus petition, pursuant to 28 U.S.C. §455(a). Doc. No. 123. Respondent opposes petitioner's request. Doc. No. 126.

For the reasons that follow, petitioner's request for recusal of the District Judge, Doc. No. 123, is **DENIED.**

Petitioner alleges that the District Judge is biased against him and must recuse himself from these §2255 proceedings because the Court improperly disqualified Joseph Reed as defense counsel due to a conflict of interest; because the Court improperly denied petitioner's motion to suppress evidence; because there were no African Americans seated on the jury; and because the Court constructively amended the indictment during jury instructions by redacting the quantities of drugs charged. *See Motion for Recusal*, Doc. No. 123. In connection with his claim that the Court

improperly denied the motion to suppress evidence, petitioner again alleges, as he did in his motion for a new trial, that Special Agent Thomas Gill lied to obtain the search warrant, by stating that he had met with Francisco Caro at the Franklin County Corrections Center.  Petitioner also contends that the District Judge demonstrated bias against him by stating, during the suppression hearing, that "the trial is only a few days away," that the Court would not permit a fishing expedition, and by directing defense counsel in the types of questions that counsel could ask.  *Motion for Recusal*, at 11.

    28 U.S.C. §455(a), (b) provides:

> (a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
>
> (b) He shall also disqualify himself in the following circumstances:
>
> (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;
>
> (2) Where in private practice he served as lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it;
>
> (3) Where he has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy;
>
> (4) He knows that he, individually or as a fiduciary, or his spouse or minor child residing in his household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding;

> *(5) He or his spouse, or a person within the third degree of* relationship to either of them, or the spouse of such a person:
>
> (i) Is a party to the proceeding, or an officer, director, or trustee of a party;
>
> (ii) Is acting as a lawyer in the proceeding;
>
> (iii) Is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding;
>
> (iv) Is to the judge's knowledge likely to be a material witness in the proceeding.

*Id*. Additionally, under 28 U.S.C.A §144:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists.

Petitioner has submitted an affidavit in support of his motion. *See* Doc. No. 124.

However, the record fails to reflect any bias or interest that requires recusal of the District Judge in this case.

> The law with regard to recusal under section 455 is straightforward and well-established in the Sixth Circuit. A district judge is required to recuse himself " 'only if a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned.' " *United States v. Story,* 716 F.2d 1088, 1091 (6th Cir.1983) (quoting *Trotter v. International Longshoremen's & Warehousemen's Union,* 704 F.2d 1141, 1144 (9th Cir.1983)). This standard is *objective* and is not based "on the subjective view of a party." *Browning v. Foltz,* 837 F.2d 276, 279 (6th Cir.1988), *cert.*

*denied,* 488 U.S. 1018, 109 S.Ct. 816, 102 L.Ed.2d 805 (1989).

*Wheeler v. Southland Corp.*, 875 F.2d 1246, 1251 (6th Cir. 1989).  "Recusal is required *whenever* there exists a genuine question concerning a judge's impartiality." *Liteky v. United States,* 510 U.S. 540, 552 (1994)(emphasis in the original).

> [J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion. *See United States v. Grinnell Corp.,* 384 U.S., at 583, 86 S.Ct., at 1710.... Almost invariably, they are proper grounds for appeal, not for recusal.... [O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge.... *Not* establishing bias or partiality ... are expressions of impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect men and women, even after having been confirmed as federal judges, sometimes display. A judge's ordinary efforts at courtroom administration-even a stern and short-tempered judge's ordinary efforts at courtroom administration-remain immune.

*Liteky v. United States,* 510 U.S. 540, 555-56 (1994).

Here, the United States Court of Appeals for the Sixth Circuit has affirmed the Court's disqualification of defense counsel Reed due to a conflict of interest, redaction of the quantity of drugs charged in the indictment from the jury instructions, and the denial of petitioner's motion to suppress evidence. *United States v. Cooper,* 39 Fed.Appx. 185, unpublished, 2002 WL 1033724 (6th Cir. May 21, 2002), Doc. No. 61.  On October 28, 2002, the United States denied petitioner's petition for a writ of *certiorari.*  Petitioner's allegation that Special Agent Thomas Gill lied in order to obtain the search warrant was addressed in the Court's order denying petitioner's motion for a new trial, which denial likewise has been affirmed by the United States Court of Appeals for the

Sixth Circuit. *United States v. Cooper*, 168 Fed.Appx. 659, unpublished, 2006 WL 287424 (6th Cir. February 7, 2006), *see* Doc. No. 101. The United States Supreme Court denied petitioner's petition for a writ of *certiorari*. Doc. No. 114. Further, the statements referred to by the District Judge in support of petitioner's motion, and petitioner's allegation that he was denied a fair and impartial jury due to the absence of African Americans on the jury panel simply fail to demonstrate bias or impartiality so as to warrant recusal of the District Judge in this case.

For all of the foregoing reasons, petitioner's motion for recusal is **DENIED**.

**IT IS SO ORDERED**.

                                                  /s/ George C. Smith
                                                        GEORGE C. SMITH
                                               United States District Judge