# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

-v-                              **CASE NO.: 2:99-CR-061**
                                      **JUDGE SMITH**

**RICKY M. COOPER,**

      **Defendant.**

## ORDER

This matter is before the Court on Defendant Ricky Cooper's Motion to Reduce Sentence, pursuant to 18 U.S.C. § 3582(c)(2), in an "Agreed Disposition Case."  (Doc. 174). Defendant Cooper was originally sentenced on May 11, 2000, to 365 months imprisonment for conspiracy to distribute and possess with intent to distribute more than 500 grams of cocaine, possessing with intent to distribute over 5 grams of cocaine base, and possessing with intent to distribute over 500 grams of cocaine.  Defendant's advisory sentencing range was 292 to 365 months based on an offense level 38 and criminal history category III.

Defendant's base offense level was previously reduced following the two prior amendments to the sentencing guidelines, yielding an offense level 34.  His sentence was ultimately lowered to 235 months.  (*See* Docs. 159 and 171).

On November 1, 2014, the United States Sentencing Commission promulgated Guideline Amendment 782, which reduced by two levels the offense levels assigned to the drug quantities set forth in §2D1.1 of the United States Sentencing Guidelines, as well as parallel changes for the listed chemicals found in §2D1.11.  Defendants who are currently imprisoned for these drug

offenses are eligible for retroactive application of the guidelines as long as they meet certain eligibility criteria.

The parties agree that the Defendant meets the Sentencing Commission's eligibility requirements for the retroactive application of Amendment 782 to his case. After considering the original guideline range, the extent of any downward departure, the circumstances of Defendant's case, and his behavior while incarcerated, the parties jointly recommend a reduction of Defendant's sentence to a term of incarceration of 188 months.

Whether to grant a reduction of sentence pursuant to §3582(c)(2) is within the discretion of the court. *United States v. Ursery*, 109 F.3d 1129, 1137 (6th Cir. 1997). In considering whether a reduced sentence is appropriate, this court must consider the factors in 18 U.S.C. §3553(a) to the extent that they are applicable. *See* §3582(c)(2).

Upon consideration of Defendant's motion, the statutory sentencing factors set forth in §3553(a), and the joint recommendation of the parties, the Court concludes that a reduction of Defendant's term of incarceration is appropriate in light of the reduction in the applicable guideline range. The sentence of 235 months incarceration previously imposed in this case is hereby reduced to a term of incarceration of 188 months. Under Amendment 782, Defendant's release date shall be no earlier than November 1, 2015. Except as provided above, all other provisions of the judgment previously entered in this case shall remain in effect.

The Clerk shall remove Document 174 from the Court's pending motion's list.

**IT IS SO ORDERED.**

  */s/ George C. Smith*  
  **GEORGE C. SMITH, JUDGE**
  **UNITED STATES DISTRICT COURT**

*Order Date:     March 4, 2015*

*Effective Date: November 1, 2015*